[L. A. No. 15956.  In Bank.—January 29, 1937.]

## LIN W. PRICE, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Lin Price, *in pro. per.*, for Petitioner.

Philbrick McCoy for Respondent.

THE COURT.—This is a petition to review a recommendation of the Board of Governors of The State Bar that petitioner Lin W. Price be suspended from the practice of law in this state for a period of three months.

The disciplinary proceedings were instituted as a result of a controversy between petitioner and his former clients, Mr. and Mrs. Charles L. Draper. Petitioner was retained by them on July 22, 1931, to file suit for rescission of a contract to purchase real property. By an agreement in writing petitioner set his fee at $25 retainer, with additional sums payable under certain contingencies, in the total sum of $55. This was paid, and petitioner sued, recovered judgment, and received from the defendants the sum of $250 in cash, for which he signed a satisfaction of judgment on October 6, 1932. This money was not placed in a trust account, but was kept by petitioner personally. He advised his clients on October 15, 1932, that he had received the money, but did not remit. A few months later, on December 13, 1932, after demand by them for an accounting, he met with them in his office, but failed to tell them that he then had the $250 in his possession, and failed to offer it or any part of it to them. Instead he entered into an agreement with them to pay the sum at the rate of $5 per month, and eventually made a few payments. On December 5, 1934, he wrote his clients: "I have endeavored to compensate you at least for the use of the money and better as I said I would and will do my best to square the account in a substantial way at my first opportunity." On June 3, 1935, a balance of $200 was still owing, and petitioner executed a promissory note in favor of the Drapers in that sum, the instrument stating that it was "the balance agreed upon

. . . as the sum due'' on the above-mentioned judgment. Petitioner thereafter paid $50 under this agreement. However, on August 27, 1935, petitioner wrote his clients declaring that there was due him an unpaid fee of $150 for his services in the action. Shortly afterwards, this proceeding was instituted against petitioner, and at the conclusion of the hearing before the administrative committee, he paid the complainants the entire balance of $150 demanded by them.

The administrative committee found petitioner guilty of misconduct with extenuating circumstances, including protracted illness and financial embarrassment. The committee further observed that this was the first charge against petitioner, and that the fact that he had made restitution in full should also be considered. Accordingly, the committee recommended a private reprimand. The Board of Governors approved the findings of fact, but recommended that the petitioner be suspended from practice for a period of three months.

The record discloses misconduct by petitioner, as found by the committee. His chief defense, an alleged understanding that his fee in the action was to be $150, was denied by his clients, and is inconsistent with his course of conduct over several years, during which he acknowledged the indebtedness orally and in writing, and made various payments thereon. Nor would such an understanding justify his failure to pay at least $100 of the $250 at the time he had the cash in his possession, and his clients were in his office seeking an accounting.

Petitioner raises several technical objections to the procedure employed by the committee, but nothing unusual or objectionable appears therein.

It is therefore ordered that petitioner be, and he is hereby suspended from the practice of the law in this state for a period of three months from and after the filing of this opinion.

Rehearing denied.